UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAPITAL CROSSING BANK,

      Plaintiff,

v.                                   Case No.  8:06-cv-660-T-24 MAP

ROBERT L. MINOR, ET AL.,

      Defendants.

_____/

## DEFAULT JUDGMENT AND ORDER FOR
## MARSHAL'S SALE OF VESSEL UNDER ARREST

Upon considering the motion and memorandum of plaintiff Capital Crossing Bank

("Capital Crossing") for a default judgment against and Marshal's sale of the M/Y (Motor

Yacht) Y KNOT ("Vessel"), for the reasons stated in such motion pursuant to Federal

Supplemental Rule Admiralty E(9), and Local Admiralty Rule 7.05(q) and (r),

**IT IS HEREBY ORDERED** that the motion (Doc. No. 29)  is **GRANTED**; and

**IT IS FURTHER ORDERED** that a Judgment for Default is entered against the Vessel

in the amount of $981,955.55, plus a continued $210.94 daily from January 6, 2007; and

**IT IS FURTHER ORDERED** that the United States Marshal for the Middle District of

Florida shall sell the Vessel at public auction to the highest bidder, free of all liens, pre-existing

claims, and encumbrances on said Vessel, said sale to be held on such date, time and place

determined by the United States Marshal in consultation with Capital Crossing, such sale

advertised as required by Local Rule 7.05(q); and

**IT IS FURTHER ORDERED** that Capital Crossing shall have the right to make a credit

bid in the amount of its First Preferred United States Ship Mortgage against the Vessel, the

amount of the judgment provided for under this Order; and

**IT IS FURTHER ORDERED** that after this Court has confirmed the sale of the Vessel and the purchaser has made full payment therefor, the United States Marshall shall deliver to the confirmed purchaser a bill of sale for the Vessel and said Vessel shall be conveyed by the United States Marshal "as is, where is, free and clear of all liens, claims and encumbrances of whatever nature whatsoever;" and

**IT IS FURTHER ORDERED** that all charges incurred by the Marshal, the Substitute Custodian, and/or Capital Crossing in connection with the arrest and safekeeping of the Vessel while arrested shall be expenses of sale and will be taxed as costs of custodia legis against the proceeds of the sale; and

**IT IS FURTHER ORDERED** that the United States Marshal shall deposit any proceeds of this sale into the Registry of this Court pending further Order of this Court; and

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.  The Court shall retain jurisdiction over this case for such other and further proceedings as may be appropriate.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of January, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record